IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Dennis Lee Brown, | ) | C/A No.: 0:07-3919-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Dennis Lee Brown, brought this action pursuant to 42 U.S.C. §§ 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying his claim for Supplemental Security Income (SSI) and disability insurance benefits ("DIB") under Title II of the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th

1

Cir. 1972).  As noted by Judge Soboleff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Id*. at 279.  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157-58.

The claimant is a 50-year-old male who has a high school education.  His past work experience includes various unskilled jobs which involved heavy lifting. Plaintiff applied for SSI and DIB in January of 2004, alleging disability since March 6, 2002 due to obesity, back, diabetes, tinnitus, and mental disorders.  Plaintiff's claims were denied.  The plaintiff then requested a hearing before an administrative law judge ("ALJ"). A hearing was held on March 30, 2005 in which the plaintiff did not have legal counsel. A supplemental hearing was held on March 14, 2006 wherein the plaintiff had counsel.  The ALJ thereafter denied plaintiff's claims in a decision issued July 28, 2006. The Appeals Council denied the plaintiff's request for review and the ALJ's findings became the final decision of the Commissioner of Social Security.  Plaintiff then appealed to the federal district court. Plaintiff asserts that the ALJ failed to adequately consider the plaintiff's Global Assessment of Function (GAF) scores and that these scores are evidence that he suffered major functional limitations, including schizoaffective dosorder. He also asserts that the ALJ did not perform a proper "combined effect" analysis regarding the plaintiff's RFC.

Under the Social Security Act, the plaintiff's eligibility for the benefits he is seeking hinges on whether he "is under a disability." 42 U.S.C. § 423(a)(1)(D).  The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable

2

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id*. at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that he could not perform his customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id*. at § 404.1561; (2) age, *id*. at § 404.1563; (3) education, *id*. at § 404.1564; (4) work experience, *id*. at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id*. at § 404.1561. If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id*. at § 404.1561. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents

him from returning to his previous work, and (5) whether the impairment prevents him from performing some other available work.

The ALJ made the following findings in this case:

1. The claimant meets the insured status requirements of the Social Security Act through January 1, 2005.
2. The claimant has not engaged in substantial gainful activity since March 6, 2002, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).
* * *
3. The claimant has the following severe impairments: morbid obesity, depression, and diabetes mellitus (20 CFR 404.1520(c) and 416.920(c)).
* * *
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
* * *
5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work. He can lift up to twenty pounds occasionally and ten pounds frequently. He can sit, stand, and/or walk for six hours each during a eight-hour work day. He is unable to perform overhead work due to obesity. He has mild to moderate limitations in concentration and attention due to pain. He has mild to moderate difficulty interacting with others due to **depression**.
6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
7. The claimant was born on September 4, 1959 and was 42 years old on the alleged disability onset date, which is defined as a younger individual age 18-44 (20 CFR 404.1563 and 416.963).
8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).
10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).
* * *
11. The claimant has not been under a "disability," as defined in the Social

Security Act, from March 6, 2002 through the date of this decision (20
CFR 404.1520(g) and 416.920(g)).
(Tr. 21-27.)

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. On February 17, 2009, Magistrate Paige J. Gossett filed a report and recommendation ("R&R") suggesting that the action should be affirmed. The plaintiff timely filed objections to the R&R on March 6, 2009.

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objections is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

**<u>Combined Effect Analysis</u>**

Plaintiff argues that "the ALJ did little more than recite the factors required to meet some of the possibly relevant listed impairments in separate. There is no actual analysis of how the combination of Mr. Brown's impairments affected him." (Objections, p. 4). The ALJ finds that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926." (R. p. 22, Finding Four). He

5

then analyzes separately the medical records regarding the plaintiff's diabetes mellitus, obesity, and affective disorders and finds that he has not satisfied the requirements of those listed impairments. However, he does not analyze the effect of all of the claimant's combined impairments.

In *Walker v. Bowen*, 889 F.2d 47, 49-50 (4th Cir. 1989), the Fourth Circuit explained:

> Congress explicitly requires that 'the combined effect of all the individual's impairments' be considered, "without regard to whether any such impairment if considered separately" would be sufficiently severe,  42 U.S.C. § 423(d)(2)(c) . . . Therefore, a failure to establish disability under the listings by reference to a single, separate impairment does not prevent a disability award . . . It is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity.  In recognizing this principle, this Court has on numerous occasions held that in evaluating (the effect of) various impairments upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them . . . As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments.  In this case, the ALJ did not comply with these requirements and the claimant is entitled to have his claim remanded for proper consideration.

The Court agrees with the plaintiff that the ALJ's decision did not make sufficient findings regarding the combination of his impairments for the Court to review those findings.  Therefore, the case is remanded for the Commissioner to properly evaluate the combination of impairments, as argued by the plaintiff.  Since the case is being remanded, the Court also directs the ALJ to consider the GAF reports in making its determination of the plaintiff's RFC.

## **Conclusion**

For the foregoing reasons, the Court respectfully rejects the recommendation of the Magistrate Judge. The action is remanded to the Commissioner to properly evaluate the combined effect of the plaintiff's impairments, to consider the plaintiff's GAF scores, and to continue the sequential evaluation process.

The Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case is remanded to the Commissioner for further administrative action.

**IT IS SO ORDERED**.

s/R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

March 30, 2009
Florence, South Carolina